IN THE MATTER OF AN APPLICATION FOR ADMISSION TO THE BAR OF THE COMMONWEALTH. July 6, 1979. This is an appeal from a decision of a single justice of this court denying the applicant's application to be admitted to the practice of law in the Commonwealth. The applicant took the July, 1977, bar examination, which consisted of one part multiple choice questions and one part essay questions. A combined score of fifty was the passing grade; she received a combined score of 49.5 The Board of Bar Examiners (Bar Examiners) had a policy of reconsidering the answers to the essay portion of the examination of those applicants who received a combined score of between forty-eight and fifty. Accordingly, the Bar Examiners reconsidered the applicant's essay part of the examination and she received a mark which qualified her for an oral interview if in the opinion of the Bar Examiners such an interview was warranted.

On November 17, 1977, the applicant, with eight other applicants, appeared before the Bar Examiners for an informal oral interview. As a result of information obtained at that interview, the Bar Examiners decided to grant the applicant a formal hearing as to her character and fitness to be admitted to the bar. She was advised that she could be represented by counsel, have witnesses on her behalf and cross-examine any witnesses who testified. At the hearing on February 24, 1978, witnesses testified to the conduct and demeanor of the applicant in and around the court houses in several counties. Thereafter, on May 13, 1978, the Bar Examiners held a further hearing as to complaints filed by the applicant with the Board of Bar Overseers against three attorneys who testified at the February 24 hearing. At the hearing, the applicant stated that she was contemplating the filing of further complaints.

Subsequently, the Bar Examiners reported to this court that the applicant is not qualified for admission as an attorney. Thereafter the Chief Justice of this court, on request of the applicant, ordered a hearing before a single justice of this court. S.J.C. Rule 3:01, § 5.2, as amended, 370 Mass. 909 (1976). After hearing, the single justice remanded the matter to the Bar Examiners for findings and rulings relating to the character, acquirements, and qualifications of the applicant. See S.J.C. Rule 3:01, §§ 1.3, 5.1, as amended, 370 Mass. 907, 909 (1976); G. L. c. 221, § 37. The Bar Examiners thereafter found, inter alia, that the applicant has used judicial processes in a way inconsistent with the standard to be expected of a lawyer. See the provisions in the attorney's oath of office as to the misuse of process. G. L. c. 221, § 38.

We accept the applicant's premise that the license to practice law may not be withheld arbitrarily or discriminatorily. Nevertheless, we have reviewed the transcripts of all proceedings, and we think that the Bar Examiners' conclusions were clearly warranted. The decision of

the single justice rested in sound discretion. We discern no abuse of that discretion.

*Decision of the single justice affirmed.*

The case was submitted on briefs.

The applicant, pro se.

*John F. Dunn* for the Board of Bar Examiners.