IN THE MATTER OF AN APPLICATION FOR ADMISSION TO THE BAR OF THE COMMONWEALTH. June 6, 1984. *Attorney at Law,* Admission to practice.

With considerable tolerance for the plaintiff's failure to follow certain minimum requirements of the Massachusetts Rules of Appellate Procedure, we discern that we have before us, for review, five issues which have in common some relationship to the plaintiff's continued attempts to be ad-

mitted as a member of the Massachusetts bar. (1) A single justice has referred to the full court, without decision, the plaintiff's "Motion for Relief of Judgment." This effort of the plaintiff is strikingly similar to an effort she made in 1982, and in denying her present motion we repeat apposite language from our 1982 rescript opinion: "There is nothing before us other than the bare assertions of the plaintiff's brief. . . . [I]t is apparent from the assertions of her brief that her present contentions are merely a restatement of the unsuccessful claims she offered in 1979." *In the Matter of an Application for Admission to the Bar of the Commonwealth,* 385 Mass. 1006, 1007 (1982). See *In the Matter of an Application for Admission to the Bar of the Commonwealth,* 378 Mass. 795 (1979), cert. denied, 444 U.S. 1046 (1980). (2) The plaintiff appeals from an order of a single justice vacating a prior order of impoundment of the transcript of a certain hearing before the Board of Bar Examiners. It was shown before the single justice that the plaintiff has commenced an action for defamation against several attorneys as a consequence of their testimony at the hearing in question. Clearly there was no error in the single justice's making the transcript available on the motion of the defendant attorneys. (3) A single justice denied two motions of the plaintiff in which she sought to obtain various records, allegedly in the possession of the Board of Bar Overseers, which allegedly concern the several attorneys, referred to above, against whom she has brought an action. The plaintiff did not demonstrate the relevance of these alleged records to any valid interest of hers. There was no error in the denial of her motions. (4) The plaintiff by motion asserts that impoundment orders concerning her matters before this court are being unevenly applied. Her assertions do not bring the facts clearly before us. In the interest of expedition, we are directing the clerk of the full court to bring to the attention of the court all relevant information concerning these assertions of the plaintiff for action by the full court, if any is required, in due course.

The plaintiff's motion for relief from judgment is denied. All decisions of the single justices are affirmed.

*So ordered.*

The applicant, pro se.

*Charles J. Hely,* Assistant District Attorney, for the defendants.

*Daniel Klubock,* Bar Counsel, *Terence M. Troyer,* Assistant Bar Counsel, *& Helen Fremont,* for the Bar Counsel, amicus curiae, submitted a brief.