## In the Matter of an Application for Admission to the Bar of the Commonwealth.

Suffolk. April 3, 2000. - June 13, 2000.

Present: Marshall, C.J., Abrams, Greaney, Ireland, Spina, & Cowin, JJ.

*Attorney at Law,* Admission to practice. *Supreme Judicial Court,* Membership in the bar.

The record of a hearing before the Board of Bar Examiners on an application for admission to the bar demonstrated that the applicant had committed misconduct in failing to file timely income taxes, in improperly receiving unemployment compensation benefits, and in making statements to the Florida and Massachusetts Boards of Bar Examiners that were not credible [680-681]; further, the applicant did not demonstrate the necessary good moral character through rehabilitation for admission to the bar at this time [681-683].

Petition filed in the Supreme Judicial Court for the county of Suffolk on June 18, 1996.

The case was reported by *Greaney,* J.

*Lester E. Riordan, III,* for the respondent.

*Edward J. Barshak* for the Board of Bar Examiners.

Abrams, J. On June 3, 1996, Douglas Scott Stransky applied for admission to the bar of the Commonwealth. The Board of Bar Examiners (board) held a hearing on his application and, on July 9, 1999, reported to this court, pursuant to G. L. c. 221, § 37.[1] The board stated: "The applicant's acquirements and qualifications are not sufficient . . . . Accordingly, the [b]oard

---

[1]General Laws c. 221, § 37, provides in part: "A citizen of the United States, if over eighteen, may file a petition in the supreme judicial court or superior court to be examined for admission as an attorney at law. Unless the court otherwise orders, the clerk of such court shall refer the petition to the board of bar examiners to ascertain his acquirements and qualifications. If the board reports that the petitioner is of good moral character and sufficient acquirements and qualifications and recommends his admission, he shall be admitted unless the court otherwise determines, and thereafter may practice in all the courts of the commonwealth. . . ."

does not recommend that the applicant . . . be admitted as an attorney." Subsequently, Stransky petitioned this court for a stay of the dismissal of his petition for admission and for a hearing to determine his fitness for admission to the Massachusetts bar. See S.J.C. Rule 3:01, § 5.3, as appearing in 411 Mass. 1321 (1992). On November 5, 1999, a single justice of this court reserved and reported the case to the full court for determination. We now deny Stransky's application for admission to the bar with leave to reapply in two years from the date of this opinion.

1. *Facts.* The record reveals the following. Stransky was born in 1957. He attended college for one year in 1975-1976. Beginning in January, 1986, he attended Harvard University and received his Bachelor of Liberal Arts degree in June, 1993. Stransky entered the University of Miami Law School in August, 1993, and received his juris doctor in May, 1996. He received his master of laws in taxation from the same university in May, 1997.

Stransky also has significant work experience. From 1976 to 1993, he held several positions, primarily in restaurant and hotel management. In addition, he worked in other capacities during this time period and while in law school. Stransky has been employed as an accountant in Cincinnati, Ohio, since June, 1997.

Before graduating from law school, Stransky, as a student and as permitted by Florida law, filed an application for registration with the Florida bar. The Florida Board of Bar Examiners conducted a formal hearing in January, 1996. Stransky, represented by counsel, appeared and testified on specifications concerning failure to file tax returns, filing false unemployment compensation reports, and other matters. Subsequently, the Florida board, in a report filed with the Supreme Court of Florida, concluded that Stransky was unfit for admission to the Florida Bar. In January, 1997, the Supreme Court of Florida denied the applicant admission to the Florida Bar, with leave to file an appropriate petition demonstrating rehabilitation two years from that date.

In separate proceedings, Stransky applied to be admitted to the Massachusetts bar in June, 1996. After a hearing on his application, the board submitted its report to this court, recommending that Stransky not be admitted. The board's report focused on two areas of Stransky's past conduct, and on his

680                            431 Mass. 678 (2000)

In the Matter of an Application for Admission to the Bar of the Commonwealth.

current attitudes toward this past conduct.[2] The first area of focus concerned Stransky's failure to file timely tax returns for the 1986, 1987, and 1988 tax years. The board noted that, in 1986, Stransky and his first wife did not file a tax return because they did not have the money to pay the tax due. The board found that Stransky did not file in 1987 or 1988, fearing that doing so would draw attention to the fact that he had not filed in 1986.

With respect to Stransky's attitudes toward this conduct, the board found: "At his hearing before the Florida Bar, the applicant attempted to establish that the statement in his application was truthful in that all he meant was that he did not have a criminal intent when he failed to file. The Florida Board found, and this Board finds[,] that the explanation is unworthy of belief. . . . Throughout his testimony [at the Massachusetts hearing], he failed to recognize that his violation of law with respect to his deliberate failure to file federal tax returns reflected a moral inadequacy which went beyond 'lack of financial responsibility.' "

The second area of focus for the board was Stransky's receipt of unemployment compensation payments from the Commonwealth between February, 1993, and January, 1994. During this period, Stransky was either employed gainfully or a full-time student. Nevertheless, he reported that he was neither employed nor attending school on a short form that he was required to submit to Massachusetts authorities on a biweekly basis. As a result, Stransky improperly received more than $6,400 from the Commonwealth.[3]

The board found: "His explanation was that he simply did [not] think about it when he did it; that, at most, it was somewhere lost in his non-conscious state. His explanation was not credible. He deliberately and repeatedly filed false statements to procure the funds which he needed."

2. *Discussion.* Although we grant substantial deference to a decision of the board, "we have the final authority to determine

---

[2]The board also made a brief reference to one other area: "In 1980, when the applicant was 22 years of age, he retained a credit card which a customer had left in a restaurant where he worked and he subsequently attempted to use the credit card to make a purchase for himself. He was arrested and pleaded guilty."

[3]Stransky has since reimbursed the Commonwealth for the funds he received improperly.

who may practice law in the Commonwealth." *Wei Jia* v. *Board of Bar Examiners*, 427 Mass. 777, 782 (1998), and cases cited. Here, based on the facts found, we agree with the board and conclude that Stransky committed misconduct in failing to file timely income taxes and in his receipt of unemployment compensation payments. Stransky also committed a third offense in that his explanations to the Florida and Massachusetts boards were not credible.[4]

Prior misconduct, however, is not an absolute bar to admission. *Matter of Prager*, 422 Mass. 86, 91 (1996). "[N]o offense is so grave as to preclude a showing of present moral fitness." *Id.*, citing *Matter of Allen*, 400 Mass. 417, 421-422 (1987); and *Matter of Hiss*, 368 Mass. 447, 452 (1975). An attorney may be reinstated after demonstrating that "he or she has the moral qualifications, competency and learning in law required for admission to practice law in this Commonwealth, and that his or her resumption of the practice of law will not be detrimental to the integrity and standing of the bar." S.J.C. Rule 4:01, § 18(6), as appearing in 425 Mass. 1325 (1997). In *Prager*, we concluded that an attorney seeking admission must make parallel showings. *Matter of Prager*, *supra* at 93-95.

We first consider whether the applicant "has sufficiently proved such rehabilitation that he [or she] currently possesses the necessary moral character to be admitted to the bar of the Commonwealth." *Id.* at 92. Rather than establishing a quantum of proof necessary to prevail in a showing of moral character, we have stated that five considerations are particularly relevant to such an assessment. *Id.* at 95. These considerations are (1) the nature of the offense(s); (2) the applicant's age, maturity, and experience at the time of the last offense; (3) the applicant's

---

[4]In reaching this conclusion, we note that "[t]he board has heard testimony and observed witnesses and, by virtue of this firsthand observation, is better able than a reviewing court to judge the relative credibilities of witnesses and to assign weight to the evidence they give." *Matter of Hiss*, 368 Mass. 447, 461 (1975).

Here, the board found Stransky's explanation regarding his untimely tax filings was insufficient. Specifically, the board found that Stransky's explanation of this conduct to the Florida board was "unworthy of belief." Further, the board found that, in testimony Stransky gave at the hearing in Massachusetts, he "failed to recognize that his violation of law with respect to his deliberate failure to file federal tax returns reflected a moral inadequacy which went beyond 'lack of financial responsibility.' " In addition, the board found Stransky's explanation of his improper responses on biweekly forms to be "not credible."

conduct and occupation since the time of the last offense; (4) the amount of time that has elapsed since the time of the last offense; and (5) whether the applicant is currently competent in his legal skills. *Matter of Hiss, supra* at 460. See *Matter of Prager, supra* at 92 (concluding that *Hiss* factors should be applied in proceedings involving bar applicants).

Stranksy offered evidence that he has been active in public service. He has worked in different capacities at several organizations through law school and after graduation. In addition, Stransky submitted numerous recommendations attesting to his character, competence, and commitment to public service. Stransky also offered testimony and an affidavit from faculty of his law school in support of his application.

Nevertheless, after reviewing the record carefully, including a transcript of the March 9, 1998, hearing, we conclude that Stransky has not demonstrated good moral character through rehabilitation, based on the *Hiss* factors. Stransky's major offenses — failing to file taxes for three years and filing false documents with a State agency — are very serious offenses[5] because they represent a wilful disrespect for the law. Further, each offense was repeated. Stransky's testimony before the board also is unsettling. At the board hearing, Stransky was required to offer "a full and exhaustive disclosure of prior wrongdoing." *Matter of Prager, supra* at 100. Instead, he rationalized his conduct and made explanations the board found not to be credible.

The picture that emerges from the record is that Stransky was willing to engage in purposeful deceit for his own advantage. His failure to show insight into the seriousness of his conduct does not bode well for Stransky as a person and as an attorney. The record more than adequately supports the board's determination not to recommend Stransky for admission to the bar of Massachusetts.

We conclude that, given his misconduct, Stransky may not reapply for admission to the bar of Massachusetts before two years from the date of this opinion.[6] In light of this conclusion, we need not consider whether the applicant has adequately

[5]Because the board does not appear to have weighed the 1980 credit card incident, we do not consider it.

[6]Generally, in bar discipline cases, the filing of false documents before a court or an agency requires suspension, as does the failure to file tax returns. See, e.g., *Matter of McCarthy*, 416 Mass. 423, 431-432 (1993) (one-year

demonstrated that he possesses competency in the law or that his admission would not have a detrimental impact on the bar.

This matter is remanded to the county court for entry of a judgment affirming the decision of the board.

*So ordered.*

---

suspension for attorney who elicited false testimony and offered false documents in a proceeding before rent control board); *Matter of Neitlich*, 413 Mass. 416, 421 (1992) (one-year suspension for attorney who actively misrepresented terms of his client's pending real estate transaction to court and opposing counsel); *Matter of Minkel*, 13 Mass. Att'y Discipline Rep. 548, 548-549 (1997) (six-month suspension for attorney convicted of wilful failure to file income tax return); *Matter of Gallagher*, 13 Mass. Att'y Discipline Rep. 220, 224 (1997) (six-month suspension for attorney convicted of wilful failure to file income tax return).

In bar discipline cases, we weigh the cumulative effect of the attorney's violations. *Matter of Saab*, 406 Mass. 315, 328 (1989). There is no reason not to do the same relative to applicants in bar admission cases.