*Malgorzata Chalupowski*, pro se.

WILLIAM LOUIS STRIGLER *vs.* BOARD OF BAR EXAMINERS. April 11, 2007. *Attorney at Law*, Admission to practice. *Supreme Judicial Court*, Membership in the bar. *Practice, Civil*, Membership in the bar.

On May 17, 2004, William Louis Strigler applied for admission to the bar of the Commonwealth. He took and passed the bar examination in July, 2004. Because Strigler's application disclosed that he had been involved in various criminal and civil proceedings, the Board of Bar Examiners (board) conducted a hearing to inquire whether Strigler "is of good moral character and suf-

---

ficient acquirements and qualifications" to warrant his admission to the bar. G. L. c. 221, § 37. S.J.C. Rule 3:01, § 5.1, as appearing in 411 Mass. 1321 (1992). Strigler, who was represented by counsel at the hearing, called character witnesses to testify in support of his application, and he also testified on his own behalf. The board found that he was not qualified to be admitted to the bar and recommended that his application be dismissed. S.J.C. Rule 3:01, § 5.3, as appearing in 411 Mass. 1321 (1992). Strigler petitioned this court for a hearing on his application. A single justice reserved and reported the matter to the full court. We agree with the board.

*Facts.* In his application, Strigler disclosed numerous criminal charges that were brought against him between 1973 and 2001. Those charges led to five or six convictions of misdemeanors and one conviction of a felony.[1] He also disclosed that he was involved in three civil proceedings between 1985 and 2002, in addition to the probate of his parents' estates. A special counsel appointed by the board learned that Strigler was a party to six additional civil actions that had not been disclosed. After hearing Strigler's testimony, the board found it not credible that he could have forgotten about at least two of the six omitted cases.

In one of the omitted cases, Strigler successfully petitioned for temporary guardianship of a friend's fifteen year old niece, whom he falsely represented to the Probate and Family Court as his own cousin. It appears that the motive for the petition was to enroll the child in the school system in Norwood, where Strigler lived, rather than in Boston, where the child was then living with Strigler's friend. Strigler was questioned about this case at the hearing, and particularly about his use of the word "cousin" to describe himself in the petition. The board found his answers "evasive" and inferred that he believed that he would be more likely to be appointed as guardian if he asserted a blood relationship. The board further found that Strigler intentionally omitted this case from his application because of its negative cast on his character.

In another of the omitted civil cases, Strigler sought a G. L. c. 209A restraining order against a woman with whom he had had a very short relationship. According to Strigler, the woman suffered a miscarriage and sought his help with related medical expenses. Strigler refused at first, but eventually gave her $500. Apparently, the woman also brought a small claims action against Strigler, seeking further recovery. Strigler obtained the restraining order and also called the woman's employer to complain that she was harassing him. He also testified that the woman's friend threatened to kill him. When a member of the board expressed disbelief that Strigler could have forgotten these events, Strigler stated that he had been threatened with murder many times. The board found Strigler's testimony regarding this matter "evasive," "defensive," and "nearly incomprehensible," in addition to the fact that he failed to disclose it in his application. Further, the board found that "even on his own telling, the events giving rise to [this case] cast a negative light on his character at the time they occurred and now."

---

[1]Because Strigler does not appear to dispute the fact that he was convicted of each offense, we need not decide whether, for purposes of admission to the bar, a "conviction" includes a continuation without a finding after admission to or finding of sufficient facts. Such a disposition is a conviction for purposes of bar discipline. S.J.C. Rule 4:01, § 12 (1), as appearing in 425 Mass. 1313 (1997).

In sum, the board found that Strigler had exhibited a lack of candor in his application and in his testimony, that his criminal history suggested that he "operated on the edges of propriety" in business matters and was disposed toward personal attack and threats of violence in personal matters, and that he avoided taking responsibility for his actions. Strigler's own character witnesses, although they spoke highly of him, did not overcome the board's misgivings, as they were largely unaware of his criminal and civil litigation background. Further, the board discounted the testimony of one of the character witnesses because she had been complicit with Strigler in the guardianship matter. For all these reasons, the board declined to recommend Strigler's admission to the bar.

*Discussion.* "While deference is given to the decision of the board, this court retains ultimate authority to decide a person's fitness to practice law in the Commonwealth. G. L. c. 221, § 37." *Matter of Prager*, 422 Mass. 86, 91 (1996). Although "no [prior] offense is so grave as to preclude a showing of present moral fitness," *id.*, citing *Matter of Allen*, 400 Mass. 417, 421-422 (1987), the applicant must show that "at the present time [he] has so rehabilitated himself by '[leading] a sufficiently exemplary life to inspire public confidence once again, in spite of his previous actions.' " *Matter of Prager, supra* at 92, quoting *Matter of Hiss*, 368 Mass. 447, 452 (1975).[2] "Any significant doubts about an applicant's character should be resolved in favor of protecting the public by denying admission to the applicant." *Matter of an Application for Admission to the Bar*, 444 Mass. 393, 397 (2005), quoting *Matter of Prager, supra* at 100.

Candor with the board is essential. "It is the obligation of an applicant to assure the members of the board and, ultimately, this court that he or she possesses the necessary qualifications to practice law in the Commonwealth. Such a showing requires a full and exhaustive disclosure of prior wrongdoing, including all relevant circumstances surrounding the conduct, both militating and mitigating, and official documentation where appropriate." *Matter of Prager, supra* at 100. An applicant's failure to answer all of the board's questions candidly, both on the application and at any hearing, is a powerful indication that the applicant lacks the good character required for admission to the bar. See *Matter of Eisenhauer*, 426 Mass. 448, 456, cert. denied, 524 U.S. 919 (1998) (in disciplinary proceeding, "respondent's candor and trustworthiness [in testimony before hearing committee] both directly affect his capacity to practice law").

Strigler failed in this important duty. For example, he failed to disclose several civil cases to which he had been a party. We agree with the board that Strigler's omission of at least the guardianship and the 1995 G. L. c. 209A protective order cannot be attributed to a failure of memory, but was intentional. Moreover, in the guardianship, he falsely represented that the child was his cousin, when in fact she had no relationship to him by blood or

[2]In *Matter of Prager*, 422 Mass. 86, 92-95 (1996), we held that the factors for evaluating reinstatement of an attorney after disbarment, see *Matter of Hiss*, 368 Mass. 447, 460-461 (1975), also apply to original applicants for admission after conviction of a felony. As we did in *Matter of an Application for Admission to the Bar*, 444 Mass. 393, 397 n.11 (2005), "[w]e have addressed some of the factors discussed in the *Hiss* case, but focus now only on current character."

by marriage. His willingness to make false representations to a court casts doubt on his character at the time of that case, and his lack of candor about his litigation history, both in his application and in his testimony before the board, casts doubt on his character in the present. We resolve that doubt "in favor of protecting the public by denying admission." *Matter of an Application for Admission to the Bar, supra.* We need not belabor the board's other reasons for its decision. Having reviewed the entire record, we conclude that Strigler has not shown that he "possesses the necessary qualifications to practice law in the Commonwealth." *Matter of Prager, supra.*

Strigler argues on constitutional and other grounds that the board's report is invalid. None of these grounds has merit. In particular, his claim that he suffers from memory loss as a result of heart surgery (and that this, rather than lack of candor, accounts for the omission of various matters from his application) lacks adequate factual support in the record. Further, memory loss would not explain his evasive testimony at the hearing when he was confronted with the omitted matters. See *Matter of an Application for Admission to the Bar,* 431 Mass. 678, 681 n.4 (2000), quoting *Matter of Hiss, supra* at 461 ("[t]he board has heard testimony and observed witnesses and, by virtue of this firsthand observation, is better able than a reviewing court to judge the relative credibilities of witnesses and to assign weight to the evidence they give"). We also reject Strigler's argument that Federal law, including a treaty to which the United States is a signatory, preempts State regulation of admission to the bar. The authority to regulate the practice of law has been left to the States "[s]ince the founding of the Republic . . . ." *Leis* v. *Flynt,* 439 U.S. 438, 442 (1979). If Congress intended to deprive the States of this authority, it would have said so plainly. Similarly, we reject Strigler's argument that G. L. c. 221, §§ 35 and 36, are unconstitutional under separation of powers principles. The authority to control membership in the bar is exclusively and inherently in the judicial department of the government. *Keenan, petitioner,* 310 Mass. 166, 171-172 (1941). It is not an executive power, as Strigler claims. Finally, Strigler had a full and fair opportunity to call witnesses to testify in support of his character and to respond to the evidence against him. The proceedings before the board were appropriately informal and flexible, as befits "a mutual inquiry for the purpose of acquainting this court with the applicant's innermost feelings and personal views on those aspects of morality, attention to duty, forthrightness and self-restraint which are usually associated with the accepted definition of 'good moral character.' " *Matter of Prager, supra* at 100-101, quoting *In re Application of Davis,* 38 Ohio St. 2d 273, 274 (1974). Even if the board's proceedings were defective in some way, Strigler would still have to convince this court that he possesses the moral character necessary to practice law in this Commonwealth. This he has not done.

*Conclusion.* A judgment shall enter in the county court affirming the decision of the board.

*So ordered.*

*William Louis Strigler,* pro se.

*Robert J. Muldoon, Jr. (Katy E. Koski* with him) for Board of Bar Examiners.