LOUIS J. DESY, JR. *vs.* BOARD OF BAR EXAMINERS. October 20, 2008. *Attorney at Law,* Admission to practice. *Supreme Judicial Court,* Membership in the bar. *Practice, Civil,* Membership in the bar.

In December, 2004, Louis J. Desy, Jr., submitted an application for admission to the Massachusetts bar. He took and passed the written bar examination in February, 2005. Because a member of the Massachusetts bar had previously submitted a complaint to the Office of Bar Counsel raising concerns about Desy's character and fitness to practice law,[1] and because of other information in his application, the Board of Bar Examiners (board) appointed special counsel to conduct an investigation, and thereafter conducted a hearing to inquire whether Desy "is of good moral character and sufficient acquirements

---

[1]Desy initially had applied for admission to the bar in December, 2003, with the intention of taking the written examination in February, 2004. For reasons that are not material here, he did not sit for the examination at that time. The complaint was submitted after Desy filed his 2003 application.

and qualifications" to warrant his admission to the bar. G. L. c. 221, § 37. S.J.C. Rule 3:01, § 5.1, as appearing in 411 Mass. 1321 (1992). Desy called character witnesses to testify in support of his application, and he also testified on his own behalf. The board found that he was not qualified to be admitted to the bar and recommended that his application be dismissed. S.J.C. Rule 3:01, § 5.3, as appearing in 411 Mass. 1321 (1992). Desy petitioned this court for a hearing on his application. A single justice of this court denied Desy's application and dismissed his petition. Desy appeals to the full court. We agree with the board and with the single justice.

*Facts.* The board and the single justice noted several incidents in which Desy's behavior reflected poorly on his character. The most troubling involved Desy's efforts to collect on a debt owed to him. According to the complaint submitted by the attorney, Desy worked as an independent contractor for a company run by the attorney's family. The company, apparently due to financial difficulties, failed to pay Desy in a timely manner for all of his work. Desy commenced actions in small claims proceedings and prevailed, obtaining money judgments against the company. Subsequently, by electronic mail (e-mail) to the company's principal manager dated December 9, 2003, Desy claimed (falsely) to have attached property belonging to the company and to the manager, threatened to have the property seized, threatened to have trustee process served on the company's customers, and threatened to have the manager's wife and daughter arrested.[2] One of the e-mail messages specifically threatened to have the manager's wife arrested at 6 A.M. on Christmas Day or on another holiday. In fact, Desy had not commenced any process for collection of the judgments. The falsehood, the baseless threats, and the timing of these messages — Desy was then a law student about to submit an application for admission to the bar, see note 1, *supra* — reflect poorly on Desy's character. When he was interviewed by special counsel about this matter, he asserted evasively that he did not remember exactly what he had written, but acknowledged that he did "rant and rave."[3] In his brief to this court, Desy does not address this matter.[4]

At the hearing before the board, Desy called four character witnesses.[5] The witnesses, each of whom was a friend or relative of Desy, offered "brief and entirely conclusory testimony," which the board found unhelpful in determining his character. Further, although the board granted Desy's request for leave

---

[2]The daughter was the member of the bar who filed the complaint. According to Desy, both she and the manager's wife were also officers in the company.

[3]At Desy's request, the interview was conducted under oath and was transcribed by a court reporter.

[4]Desy's application for bar admission also raised concerns. He disclosed that he had, in June, 2002, filed a petition under chapter 7 of the Federal Bankruptcy Code. He listed in his bankruptcy filings significant student loan debt prior to law school and $68,000 in credit card debt arising from the use of over twenty credit cards. As the board noted, while Desy's bankruptcy cannot itself serve as a basis for refusing admission, Desy was in his late thirties at the time and had an advanced business degree. According to the board, Desy failed to explain his financial irresponsibility or to show that he had since grown financially responsible.

[5]One of Desy's witnesses was another applicant for the bar as to whom the board had also issued a report of nonqualification due to doubts about his character. We recently upheld the board's decision as to that individual. *Strigler* v. *Board of Bar Examiners*, 448 Mass. 1027 (2007).

to file additional character references after the hearing, he did not do so. The board found the absence of helpful testimony in support of Desy's character to be the "most striking aspect of the hearing."

*Discussion.* "While deference is given to the decision of the board, this court retains ultimate authority to decide a person's fitness to practice law in the Commonwealth. G. L. c. 221, § 37." *Matter of Prager,* 422 Mass. 86, 91 (1996). See *Matter of an Application for Admission to the Bar of the Commonwealth,* 378 Mass. 795, 795 (1979), cert. denied, 444 U.S. 1046 (1980) (single justice properly denied admission where "applicant has used judicial processes in a way inconsistent with the standard to be expected of a lawyer"). "Any significant doubts about an applicant's character should be resolved in favor of protecting the public by denying admission to the applicant." *Matter of an Application for Admission to the Bar of the Commonwealth,* 444 Mass. 393, 397 (2005), quoting *Matter of Prager, supra* at 100. As we have recently emphasized, "[c]andor with the board is essential. 'It is the obligation of an applicant to assure the members of the board and, ultimately, this court that he or she possesses the necessary qualifications to practice law in the Commonwealth. Such a showing requires a full and exhaustive disclosure of prior wrongdoing, including all relevant circumstances surrounding the conduct, both militating and mitigating, and official documentation where appropriate.' " *Strigler* v. *Board of Bar Examiners,* 448 Mass. 1027, 1029 (2007), quoting *Matter of Prager, supra.*

Desy's conduct, particularly the threatening and harassing e-mail messages, strongly suggests dishonesty, poor judgment, and a willingness to misuse the judicial process. Cf. *Matter of an Application for Admission to the Bar of the Commonwealth,* 378 Mass. 795 (1979). Further, Desy has shown a lack of candor in these proceedings. As the single justice noted, his answers to questions about his background "have been defensive and perfunctory — in effect, a failure to answer." Indeed, in his brief to this court, he has wholly failed to address the serious questions arising from his dealings with the company. We are left with grave doubt about Desy's present character and fitness to practice law. We resolve that doubt "in favor of protecting the public by denying admission." *Matter of an Application for Admission to the Bar of the Commonwealth,* 444 Mass. 393, 397 (2005), quoting *Matter of Prager, supra.* Having reviewed the entire record, we conclude that Desy has not shown that at this time he "possesses the necessary qualifications to practice law in the Commonwealth." *Matter of Prager, supra.*

Desy devotes the majority of his brief to legal attacks on the board's proceedings. He argues that State regulation of the bar is preempted by Federal law and that this court's authority over the bar offends separation of powers principles. We recently rejected similar arguments in *Strigler* v. *Board of Bar Examiners, supra* at 1030. Desy also argues that he was deprived of due process in various ways. None of these arguments has merit, as Desy received a full and fair opportunity to present evidence in support of his case and to call witnesses, including those identified in the special counsel's report. Further, Desy's claim that the board's process violates his right against self-incrimination is factually unfounded, as he does not identify any incriminating statement that he was compelled to make. Desy's complaints about the composition of the board are also meritless. Each member of the board was duly appointed by this court. Finally, as we have pointed out, "[e]ven if the board's

proceedings were defective in some way, [Desy] would still have to convince this court that he possesses the moral character necessary to practice law in this Commonwealth. This he has not done." *Strigler* v. *Board of Bar Examiners, supra.*

*Judgment affirmed.*

*Louis Desy, Jr.,* pro se.

*Katy E. Koski* (*Jessica G. Gray* with her) for Board of Bar Examiners.