NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-11703


RANDY A. BRITTON  vs.  BOARD OF BAR EXAMINERS.


April 30, 2015.


Board of Bar Examiners.  Attorney at Law, Admission to practice.


     On May 12, 2006, Randy A. Britton applied for admission to
the Massachusetts bar, and he took and passed the written bar
examination in July of that year.  Based on information in his
application, including his responses to questions concerning his
employment history and involvement in litigation, and the
pendency of his application for admission to the Connecticut
bar, the Board of Bar Examiners (board) interviewed Britton and
then stayed further investigation pending a final determination
on the Connecticut application.  After Britton withdrew that
application, the board resumed its investigation, appointed
special counsel to assist in the investigation, and thereafter
conducted a hearing to inquire whether Britton "is of good moral
character and sufficient acquirements and qualifications" to
warrant his admission to the bar.  G. L. c. 221, § 37.  See
S.J.C. Rule 3:01, § 5.1, as appearing in 411 Mass. 1321 (1992).
Britton was the sole witness at the hearing.  The board
determined that he was not qualified for admission and
recommended that the petition be dismissed.  S.J.C. Rule 3:01,
§ 5.3, as appearing in 411 Mass. 1321 (1992).  Britton
petitioned the county court for a hearing on his application,
raising a variety of constitutional, statutory, and other
challenges to the board's decision.  After a hearing, a single
justice issued a very thorough memorandum in which he carefully
addressed and rejected each of Britton's challenges.  The single
justice thus denied Britton's application and dismissed his
petition.  We affirm for essentially the same reasons stated by
the single justice.

1.  Facts.  In his application, Britton disclosed that he had been "wrongfully terminated" by two employers, and that he had brought multiple lawsuits involving separate incidents against former employers, attorneys, police officers, and a media outlet alleging, among other things, wrongful termination, violation of civil rights, defamation, breach of contract, malicious prosecution, and abuse of process.  In addition, he reported that his application for admission to the Connecticut bar had been pending since 2004.  The board's investigation revealed additional involvement with the legal system and other matters, which he had failed to disclose in his application.

a.  Failures to disclose.  In support of his application, Britton submitted three letters of recommendation.  One of those letters was from an attorney who had obtained a criminal complaint against Britton and whom Britton had sued.  After investigation, the board determined that the criminal complaint was dismissed with an order that Britton pay restitution, and that the civil matter was settled under terms requiring the attorney to provide a positive letter of recommendation.  In his application, Britton stated that the attorney had written the letter "[i]n an effort to minimize the damage he has done."  The board found that Britton attempted to mislead it as to the nature of the recommendation.

In addition, the board's investigation revealed that Britton twice had been charged criminally.  Although neither charge resulted in a conviction, Britton failed accurately to disclose his criminal history as the bar application required.  Likewise, the board found that Britton failed to disclose a civil complaint he had filed that unsuccessfully challenged the denial of his request for a firearms identification card and a license to possess an assault weapon.  Finally, the board determined that Britton violated his "continuing duty" to disclose relevant information by failing to report that he had filed a petition for redetermination of a tax deficiency with the United States Tax Court.  See Rule V.1.2 of the Rules of the Board of Bar Examiners (2010).

b.  Litigation history.  The board found that Britton has a substantial history of initiating pro se legal actions, the majority of which have been unsuccessful, and some of which have resulted in sanctions or an order to pay restitution.  Among other things, in 2007, Britton removed an action brought against him and his spouse by a condominium association in the Concord Division of the District Court Department to the Federal District Court in Boston, where it was promptly remanded with

the observation that "attorney's fees and costs are appropriate because the Brittons lacked anything remotely like an objectively reasonable basis for removal." On remand, the judge dismissed Britton's counterclaims, which included claims of Federal mail fraud, attempted extortion, G. L. c. 93A violations, and other claims, and awarded attorney's fees and costs to the plaintiff.

In 2005, Britton brought an action against the city of Lawrence and its police officers for false arrest, civil rights violations, malicious prosecution, and other crimes, arising out of criminal proceedings against him that eventually were dismissed. The civil case was dismissed, in part because of Britton's "history of disregard of his discovery obligations, and . . . for his disobedience of the [c]ourt's . . . order." After multiple requests for extensions of time, his appeal also was dismissed.

In 1993, Britton commenced an action in the United States District Court for the Southern District of New York seeking damages in excess of $50 million against a former employer and others, claiming that he had been wrongfully terminated, and for breach of a settlement agreement. He subsequently commenced a second action arising out of the same facts, adding additional parties. After the actions were consolidated, and the second action was stayed, Britton nonetheless continued to issue subpoenas in the second case, resulting in an order not to issue subpoenas or document requests without leave of court. The first action was resolved adversely to Britton, and the second action was dismissed. His appeals were unsuccessful. Britton disclosed only the first action in his application.

c. Unauthorized practice of law. In October, 2007, a reviewing committee of the Connecticut Statewide Grievance Committee found that Britton had engaged in the unauthorized practice of law in Connecticut.

2. Discussion. We accord deference to the board's recommendation, but it is ultimately this court's responsibility to determine an applicant's fitness to practice law in the Commonwealth. See Matter of Prager, 422 Mass. 86, 91 (1996), citing G. L. c. 221, § 37. That determination requires consideration of the public interest, Matter of Prager, supra, and "[a]ny significant doubts about an applicant's character should be resolved in favor of protecting the public by denying admission to the applicant." Matter of an Application for Admission to the Bar of the Commonwealth, 444 Mass. 393, 397

(2005), quoting Matter of Prager, supra at 100. We have said that "[c]andor with the board is essential. 'It is the obligation of an applicant to assure the members of the board and, ultimately, this court that he or she possesses the necessary qualification to practice law in the Commonwealth. Such a showing requires a full and exhaustive disclosure of prior wrongdoing, including all relevant circumstances surrounding the conduct, both militating and mitigating, and official documentation where appropriate.'" Strigler v. Board of Bar Examiners, 448 Mass. 1027, 1029 (2007), quoting Matter of Prager, supra.

Britton's conduct in filing multiple lawsuits that have resulted in sanctions or orders to pay costs and fees and in repeatedly failing to comply with court orders demonstrates lack of respect for the judicial process. See Desy v. Board of Bar Examiners, 452 Mass. 1012, 1014 (2008); Matter of an Application for Admission to the Bar of the Commonwealth, supra at 398. Likewise, Britton's failure to disclose relevant and material information, both in his application and during the board's investigation, shows a marked lack of candor. See Strigler v. Board of Bar Examiners, supra, citing Matter of Eisenhauer, 426 Mass. 448, 456, cert. denied, 524 U.S. 919 (1998) (failure to fully answer "is a powerful indication that the applicant lacks the good character required for admission to the bar"). See also Rule V.1 of the Rules of the Board of Bar Examiners, supra ("There shall be a rebuttable presumption that nondisclosure of a material fact on the candidate's application[s] to the bar, law school or undergraduate school is prima facie evidence of the lack of good character"). Britton's conduct in Connecticut is consistent with the conclusion that he lacks the necessary character and fitness for admission to practice here.

There is no merit to Britton's claims that the board's proceedings were defective or unlawful. Although he claims that the board "illegally" circumvented sealed record and criminal offender record information statutes in the course of its investigation, the single justice properly concluded that the statues neither prohibit the type of investigation conducted by the board nor forbade the board from inquiring into his criminal history. See Corliss v. Board of Bar Examiners, 437 Mass. 1023, 1024 (2002) ("We would expect the board to inquire into the background of applicants who present a criminal history . . . [and], on discovering inconsistent statements and misrepresentations in an application, to conduct a more thorough investigation . . ."). Moreover, there is nothing to suggest that the board considered Britton's history to be evidence of

misconduct:  rather, it was his failure to disclose that history, and the explanation he gave for omitting the information, that demonstrated a lack of candor.  Whether a bar applicant is of good moral character and fitness "is a most serious issue," and "[q]uestions exploring this issue are not to be answered by gamesmanship."  Matter of Moore, 442 Mass. 285, 295 (2004).  Finally, the record amply supports the single justice's observation that Britton's criminal history was obtained by the board through his own disclosures, including disclosures in Connecticut, and publicly available court filings.  See Police Comm'r of Boston v. Municipal Court of the Dorchester Dist., 374 Mass. 640, 653 (1978) (information that is publicly accessible not protected criminal offender record information).

We also reject Britton's claim that the board failed to provide him with adequate constitutional safeguards in the investigation and hearing process.  Britton was given ample notice of the board's formal hearing, and was provided in advance of the hearing with the character and fitness report prepared by the board's special counsel.  He had a "full and fair opportunity to present evidence in support of his case and to call witnesses, including those identified in the special counsel's report."  Desy, 452 Mass. at 1014.  No more is required.  While the proceedings were lengthy, there is nothing to suggest that either the process itself or the duration of the proceedings amounted to a due process violation.  Indeed, as the single justice concluded, "[t]he time (and expense) needed to discover that which [Britton] should have disclosed is attributable entirely to [Britton], not to the board."

On the record before us, therefore, we are "left with grave doubt about [Britton's] present character and fitness to practice law.  We resolve that doubt 'in favor of protecting the public by denying admission.'"  Desy, supra.  Britton has not met his burden of demonstrating that he presently "possesses the necessary qualification to practice law in the Commonwealth."  Matter of Prager, 422 Mass. at 100.  See Matter of an Application for Admission to the Bar of the Commonwealth, 444 Mass. at 398, quoting Matter of Prager, supra (applicant has burden "of demonstrating that his admission to the bar would not be 'detrimental to the integrity of the bar, the administration of justice, or the public interest'").  As the board found, "Britton's disregard for the rules and standards by which the legal system operates and for which the legal process is structured, show his unwillingness to conduct himself with respect for the law and his inability to use sound judgment in

conducting professional business."  This, coupled with his demonstrated lack of candor, amply supports the board's recommendation that the application be denied.

3.  <u>Conclusion</u>.  The decision of the single justice denying Britton's application for admission to the bar, and dismissing his petition, is affirmed.

<u>So ordered</u>.

<u>Randy A. Britton</u>, pro se.
<u>Sara Gutierrez Dunn</u> (<u>Robert G. Jones</u> with her) for Board of Bar Examiners.