NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-11548

IN THE MATTER OF MALGORZATA CHALUPOWSKI.

December 1, 2015.

Attorney at Law, Admission to practice, Bar application.
     Supreme Judicial Court, Membership in the bar.  Practice, Civil, Membership in the bar.

     On May 16, 2008, Malgorzata Chalupowski applied for admission to the Massachusetts bar.  She took and passed the written bar examination in July, 2008.  After reviewing the disclosures included in her application, the Board of Bar Examiners (board) requested a meeting to address certain areas of concern.  Chalupowski attended an informal meeting with the board in November, 2008, after which the board notified her that it was going to conduct a hearing to determine whether she "is of good moral character and sufficient acquirements and qualifications" for admission to the bar.  G. L. c. 221, § 37. See S.J.C. Rule 3:01, § 5.1, as appearing in 411 Mass. 1321 (1992).  The board then appointed a special counsel to conduct an investigation prior to the hearing, which included, among other things, meeting with Chalupowski, interviewing various individuals regarding Chalupowski's character and fitness to practice law, and reviewing numerous documents and other materials.

     The special counsel submitted a report to the board in August, 2009, and a formal hearing was held in May, 2010.  In January, 2011, the board issued its report of nonqualification, concluding that Chalupowski was "lacking in the requisite good moral character, acquirements and qualifications to warrant admission to the bar," and directing that her application be dismissed unless, within sixty days, she sought relief from this court and a hearing was ordered.  See S.J.C. Rule 3:01, § 5.3, as appearing in 411 Mass. 1321 (1992).  Chalupowski timely appealed to a single justice of this court who, after a hearing,

ordered that her application for admission to the bar be dismissed.

Chalupowski now appeals from the single justice's decision. We agree with the board, and the single justice, that her application for admission to the bar should be dismissed.

1. Background.  The board's decision includes thorough and extensive findings of fact and a well-reasoned discussion of why Chalupowski is not qualified to be admitted to the bar.  The single justice, in turn, also issued a detailed and well-reasoned decision.  We summarize here only some of the facts detailed by the board, focusing, in particular, on those facts relevant to the board's two main concerns -- Chalupowski's lack of candor with the board and with the courts, and Chalupowski's inability to conduct herself with respect for and in accordance with the law.

a. Lack of candor.  In her application for admission to the bar, Chalupowski disclosed her involvement in protracted litigation concerning her husband's family as well as several actions in which she and her husband raised claims of fraud, conversion, and malpractice against attorneys involved in the family litigation.  She failed, however, to disclose her involvement in numerous other lawsuits or court proceedings, including the existence of restraining orders obtained by her sister-in-law against her; several lawsuits involving her condominium association, three of which involved her and her husband's failure to pay association fees; and several landlord-tenant disputes.  She also failed to disclose that she had filed a complaint with the Massachusetts Commission Against Discrimination as well as a subsequent related complaint in the Federal District Court, and made certain misrepresentations regarding her employment history.

Before the board, Chalupowski claimed that the omissions from her application were "inadvertent."  The board, however, discounted this argument, finding it "difficult to believe that [she] did not understand fully the import of the disclosures, or lack thereof," and concluding that "the sheer number of non-disclosures suggest an overall intent to obfuscate and deceive with respect to [her] personal litigation and dispute history."

b. Lack of respect for the legal system.  As noted, Chalupowski, along with her husband, initiated several lawsuits against lawyers, judges, and court-appointed individuals stemming from the litigation involving her husband's family.

Chalupowski, in short, views herself as a victim -- she claims that the lawyers and court personnel conspired to create a "fee-generation" scheme using "dupe" litigants -- and her response to court decisions adverse to her and her husband is to blame the lawyers and other court personnel by claiming that they were engaged in fraudulent activity.  Chalupowski and her husband did not prevail on any of the claims raised in these lawsuits.  Rather, they were sanctioned in connection with their actions on more than one occasion, the lawsuits having been deemed frivolous, including an order from the Probate and Family Court enjoining them from initiating certain litigation.

Additionally, at the hearing before the board, Chalupowski chose to call as witnesses four attorneys who had been involved in the litigation involving her husband's family and who had been the targets of the ensuing frivolous litigation commenced by Chalupowski and her husband.  All four of the witnesses spoke negatively about Chalupowksi, and all four of them recommended against admitting her to the bar.  In a post-hearing submission to the board, Chalupowski argued that the witnesses were "adverse" to her and that their statements regarding her character and fitness should be struck from the record.  In calling these witnesses Chalupowski appeared to be using the board hearing as yet another opportunity to air her complaints against them.  As the board noted, Chalupowski's choice to call these four attorneys as witnesses "underscore[s] a lack of judgment on her part . . . and suggest[s] at best, a propensity to misunderstand legal process, and at worst, to engage in its misuse."

2.  Discussion.  Although we give deference to the decision of the board, "this court retains ultimate authority to decide a person's fitness to practice law in the Commonwealth."  Strigler v. Board of Bar Examiners, 448 Mass. 1027, 1029 (2007), quoting Matter of Prager, 442 Mass. 86, 91 (1996).  "Any significant doubts about an applicant's character should be resolved in favor of protecting the public by denying admission to the applicant."  Matter of an Application for Admission to the Bar, 444 Mass. 393, 397 (2005), quoting Matter of Prager, supra at 100.

Like the board, we have "significant doubts" about Chalupowski's character and fitness to practice law.  Among other things, her lack of candor raises questions about her character.  "Candor with the board is essential."  Strigler v. Board of Bar Examiners, supra.  As noted above, and considered in extensive detail by the board, Chalupowski was not candid in

her application for admission to the bar.  Although she disclosed some information regarding lawsuits and court proceedings in which she was involved, the disclosure was far from complete.  Furthermore, in her brief to this court Chalupowski has made no attempt to address or explain this failure.  Instead, she continues to focus on perceived wrongdoings in the litigation involving her husband's family, the substantive merits of which have no bearing on her application or admission to the bar.  Indeed, this very focus on that litigation -- litigation that has led to sanctions against her -- is, in turn, an example of Chalupowski's lack of respect for the legal system, which is also of concern.  Chalupowski appears unable to exercise restraint and to accept certain decisions as final, instead continuing to seek recourse by raising frivolous claims against attorneys and court personnel in response to adverse judgments.  Engaging in this type of litigation is not an indication of good judgment or professionalism.  See Matter of an Application for Admission to the Bar, supra at 398 (counsel must "show restraint, self-discipline, and a sense of reality" [citation omitted]).  "Attorneys must conduct themselves in such a way that they dedicate themselves to the peaceful settlement of disputes and respect the role of courts in the administration of justice." Id.  Chalupowski has not demonstrated an ability to conduct herself so.[1]

A judgment shall enter in the county court affirming the determination of the board and denying Chalupowksi's application for admission to the bar.

So ordered.

Malgorzata Chalupowski, pro se.
Matthew C. Welnicki for Board of Bar Examiners.

---

[1] On the eve of her oral argument before this court, Chalupowski filed a "Motion to Strike the Board of Bar Examiners' Opposition, Motion to Disqualify, and Motion for Sanctions," claiming that counsel for the board has "repeatedly provid[ed] false and misleading information to this Court."  We have carefully reviewed her claim and find it groundless.  The motion is denied.