ALBERT HENRY CORLISS *vs.* BOARD OF BAR EXAMINERS. August 16, 2002. *Attorney at Law,* Admission to practice. *Constitutional Law,* Equal protection of laws, Attorney at law. *Board of Bar Examiners.*

Following our decision in *Matter of Corliss*, 424 Mass. 1005, 1006 (1997), the petitioner, Albert Henry Corliss, reapplied for admission on motion to the bar pursuant to S.J.C. Rule 3:01, § 6.1, as appearing in 393 Mass. 1235 (1985). The Board of Bar Examiners (board) had rejected two previous applications by Corliss because he was not a graduate of a law school approved by the American Bar Association, but a 1997 amendment to our rules removed that obstacle to admission. See S.J.C. Rule 3:01, § 6.1.4, as appearing in 425 Mass. 1301 (1997). The board recommended that this latest application be denied because Corliss lacked the character and fitness to practice law. Corliss

now appeals from a single justice's order adopting the board's recommendation and denying him admission to the Massachusetts bar. See *Wei Jia v. Board of Bar Examiners*, 427 Mass. 777, 782-783 (1998) (judicial review of board's recommendation is de novo).

Reviewing the record before him, the single justice found that Corliss had engaged in a "pattern of filing petitions riddled with inconsistencies and rife with omissions [that] exhibits a lack of care and candor." Specifically, the single justice noted material inconsistencies between Corliss's 1986 and 1998 applications concerning his places of residence and legal practice from 1981 to 1986. Corliss also reported in his 1998 application that he had passed the Florida bar examination, and submitted a letter of recommendation from an attorney suggesting that he was a member in good standing of the Florida bar. Corliss failed to indicate that he actually had been denied admission to the Florida bar in 1994 because he lacked the necessary character and fitness. He also failed to disclose that he had been found in contempt by the California workers' compensation appeal board in 1990 for misuse of client funds. Corliss only revealed this adverse information in an amended application submitted after the board determined that an informal hearing would be necessary to inquire into his history of "encounters with the criminal law." Not satisfied with the results of that informal hearing, the board then held a formal hearing to inquire further into these matters. The single justice concluded that "[t]he sheer number of questions raised by my review of the record leads to the unavoidable conclusion that Corliss's actions go beyond an innocent lapse of memory that may be credibly explained."

Corliss does not dispute the findings of the single justice. Instead, he contends that he has been denied due process and equal protection of the laws in violation of the Federal Constitution and the Massachusetts Declaration of Rights, because he was entitled to have his fitness and character evaluated by the National Conference of Bar Examiners (NCBE), like other rule 3:01, § 6, applicants, rather than by the board. In support of this proposition he cites rule IV of the Rules of the Board of Bar Examiners, promulgated pursuant to S.J.C. Rule 3:01, § 7, as appearing in 382 Mass. 757 (1981), which requires that applicants under rule 3:01, § 6, obtain at their own expense a report from the NCBE on their character and fitness. Rule IV further states that "[t]he Board may waive this requirement in any case in which it deems such a report to be unnecessary."

The board is required to ascertain whether a petitioner possesses "sufficient acquirements and qualifications" for admission to the bar, including "good moral character." G. L. c. 221, § 37. See S.J.C. Rule 3:01, § 1.3, as appearing in 382 Mass. 753 (1981). We would expect the board to inquire into the background of applicants who present a criminal history, as the board did in holding an informal hearing on Corliss's application. We would also expect the board, on discovering inconsistent statements and misrepresentations in an application, to conduct a more thorough investigation, as the board did by holding a formal hearing on Corliss's application. Having decided to conduct its own investigation, the board waived the rule IV requirement because the NCBE report would be "unnecessary," and returned the $200 personal money order Corliss had submitted to pay for the NCBE report. Far from a violation of equal protection or due process, the board simply exercised its discretion to extend Corliss the courtesy of saving him the expense of a superfluous background check by the NCBE.

Corliss has made no showing that the board treated him any differently than it would any other applicant who presented a history of "encounters with the criminal law." See *Murphy* v. *Commissioner of the Dep't of Indus. Accs.*, 415 Mass. 218, 226 (1993), *S.C.*, 418 Mass. 165 (1994). Nor has he demonstrated that the process employed by the board in determining his fitness for admission to the bar was anything less than fair and impartial. See *D'Amour* v. *Board of Registration in Dentistry*, 409 Mass. 572, 580 (1991). The order of the single justice is therefore affirmed.

*So ordered.*

*Albert Henry Corliss*, pro se.

*Edward J. Barshak* for Board of Bar Examiners.