In the Matter of an Application for Admission to the Bar of the Commonwealth. March 2, 2005. *Attorney at Law,* Admission to practice.

The petitioner, Carol Lynn Conragan, an attorney licensed in 1996 to practice law in the District of Columbia (D.C.), appeals a decision of the Board of Bar Examiners (board) denying her application for admission to practice law in Massachusetts without taking the regular law examination as permitted by S.J.C. Rule 3:01, § 6, as amended, 433 Mass. 1301 (2001) (admissions on motion).[1] Her motion for review was referred to a single justice of this court who reserved and reported the matter for decision by the full court. The issue before the board was whether the petitioner, for at least

---

[1] Section 6 of S.J.C. Rule 3:01, as amended, 433 Mass. 1301 (2001), states:

"6.1 *Attorneys Admitted in Other States.* A person who has been admitted as an attorney of the highest judicial court of any state, district or territory of the United States may apply to the Supreme Judicial Court for admission on motion as an attorney in this Commonwealth. The Board of Bar Examiners may, in its discretion, excuse the applicant from taking the regular law examination on the applicant's compliance with the following conditions:

"6.1.1 The applicant shall have been admitted in the other state, district or territory, for at least five years prior to applying for admission in the Commonwealth, and shall provide the court with a certificate of admission and current good standing from the highest judicial court of *each* such state, district or territory.

"6.1.2 The applicant shall have so engaged in the practice or teaching of law since the prior admission as to satisfy the Board of Bar Examiners of his or her good moral character and professional qualifications.

"6.1.3 The applicant shall submit to the Board of Bar Examiners letters of recommendation for admission from three members of the bar of the Commonwealth, or of the state, district or territory of prior admission, or of the bar of the state, district or territory in which the applicant has last resided.

five years since her admission to the D.C. bar, had "so engaged in the practice or teaching of law" as to satisfy the board that she has the professional qualifications for admission on motion in Massachusetts. See S.J.C. Rule 3:01, § 6.1.2.

Although the rule provides that the board "may, in its discretion, excuse the applicant from taking the regular law examination" (on compliance with certain conditions), S.J.C. Rule 3:01, § 6.1, "we retain the inherent and exclusive jurisdiction over any decision to admit an attorney to the practice of law in this Commonwealth. . . . While we grant substantial deference to a decision of the board, and rely on the accumulated knowledge and experience of its members in interpreting and applying our rules" (citations omitted), *Wei Jia* v. *Board of Bar Examiners,* 427 Mass. 777, 782 (1998), we review the board's decision de novo. *Corliss* v. *Board of Bar Examiners,* 437 Mass. 1023, 1024 (2002).

The petitioner failed the Massachusetts bar examination in 1995. She subsequently passed the D.C. bar examination in 1996. Following her admission to the D.C. bar, she practiced at a law office specializing in Native American law for several months before moving to Europe in September, 1996, to work in Bosnia and Herzegovina. There she provided advice on election law and human rights issues for (or on behalf of) the Organization for Security and Cooperation in Europe and the Provisional Election Commission. Thereafter, she worked as a consultant first for the International Organization for Migration assisting in the 1998 general elections of Bosnia and Herzegovina, and then for the International Foundation for Election Systems in Slovakia, recommending reforms to the election laws of that country. Following this work, she spent ten months providing advice in criminal law and procedure relevant to children in UNICEF's juvenile justice project in Kosovo.

The petitioner returned to the United States in September, 2000, and spent one year "[p]roviding legal services — research, analysis, and writing — and paralegal services to attorneys" on a freelance part-time basis in Idaho. In October, 2001, she resumed work for UNICEF in Serbia and Montenegro, providing advice on issues relevant to the legal rights of children in those countries.[2] In December, 2003, she relocated to Massachusetts, and engaged

---

"6.1.4 The applicant shall have graduated from high school, or shall have received the equivalent education, in the opinion of the Board, completed work for a bachelor's degree at a college or university, or its equivalent, and graduated from a law school which at the time of graduation was approved by the American Bar Association or was authorized by a state statute to grant the degree of bachelor of laws or juris doctor.

"6.1.5 The applicant shall pass the Multistate Professional Responsibility Examination if he or she has not previously passed that examination in another jurisdiction."

[2]In April, 2001, while in the United States, the petitioner sought an informal opinion from the board as to whether she would qualify for admission on motion. In a letter dated May 2, 2001, the board advised her that she would not, and that her experience in Europe would "not constitute the practice of law relevant to 'professional qualifications' " under S.J.C. Rule 3:01, § 6.1.2.

in volunteer work at Western Massachusetts Legal Services in Northampton. Three months later, in February, 2004, she filed her application for admission on motion.

The board decided not to waive the bar examination because the petitioner had previously failed the Massachusetts examination, and because the board concluded that her engagement in the practice or teaching of law was insufficient to meet the rule's requirements. We similarly conclude that the petitioner's experience, since her admission to the D.C. bar, is insufficient to satisfy us of her "professional qualifications" to practice law in Massachusetts without taking and passing the bar examination.[3]

While the failure to pass the Massachusetts examination does not disqualify an attorney from subsequently being admitted on motion, it does create a rebuttable presumption against his or her qualification to do so. In the face of such a presumption, the petitioner must persuasively demonstrate that the nature of her practice or teaching experience is particularly relevant to her qualifications to practice law in Massachusetts. Here, the presumption has not been rebutted where the petitioner only practiced law pursuant to her admission to the D.C. bar for several months, provided freelance part-time legal services for one year in Idaho, and worked as a legal services volunteer for three months prior to her application for admission. The petitioner's work for international organizations in helping to reform legal and electoral systems in beleaguered European nations, no matter how valuable and commendable, does not sufficiently augment this very limited experience in the practice of law to satisfy us that she is professionally qualified to engage in such practice in Massachusetts.[4]

The decision of the board is affirmed.

*So ordered.*

*Edward J. Barshak* for the petitioner.


---

[3]We have little doubt, based on her work and her references, that petitioner satisfies the rule's requirement of "good moral character."

[4]We have, albeit in a different context, opined that the practice of law consists of "directing and managing the enforcement of legal claims and the establishment of the legal rights of others, where it is necessary to form and to act upon opinions as to what those rights are and as to the legal methods which must be adopted to enforce them, the practice of giving or furnishing legal advice as to such rights and methods and the practice, as an occupation, of drafting documents by which such rights are created, modified, surrendered or secured." *Matter of the Shoe Mfrs. Protective Ass'n,* 295 Mass. 369, 372 (1936). We do not decide that legal work for international organizations or in other countries would never qualify as "the practice of law" for the purpose of augmenting other more relevant and substantial legal practice than present here.

