# JESSE DANIEL SCHOMER *vs.* BOARD OF BAR EXAMINERS.

Suffolk. January 7, 2013. - May 10, 2013.

Present: IRELAND, C.J., SPINA, CORDY, BOTSFORD, GANTS, DUFFLY, & LENK, JJ.

*Attorney at Law,* Admission to practice, Bar application. *Supreme Judicial Court,* Membership in the bar, Practice of law. *Board of Bar Examiners.*

An applicant for admission on motion to the Massachusetts bar satisfied the requirement of S.J.C. Rule 3:01, § 6.1.1, mandating engagement in the active practice of law for at least five of the seven years immediately preceding the filing of his petition, in that he did not engage in the unauthorized practice of law in New York while working at two law firms in that State even though he was not duly licensed and admitted to practice there, given that the New York bar had seen fit subsequently to admit him to practice and thereby determined that his work had not violated that State's law prohibiting unauthorized practice. [59-61]

PETITION filed in the Supreme Judicial Court for the county of Suffolk on September 19, 2011.

The case was reported by *Botsford,* J.

*Jesse Daniel Schomer,* pro se.

*Geoffrey R. Bok* for Board of Bar Examiners.

*Arnold R. Rosenfeld & Wm. Shaw McDermott,* for Skanthan Vivekananda, amicus curiae, submitted a brief.

SPINA, J. On September 19, 2011, Jesse Daniel Schomer filed in the Supreme Judicial Court for Suffolk County a petition for admission on motion to the bar of the Commonwealth pursuant to S.J.C. Rule 3:01, § 6, as appearing in 457 Mass. 1303 (2010). By decision dated November 10, 2011, the Board of Bar Examiners (board) determined that he did not qualify for admission on motion because he had not been engaged in the active practice of law in a jurisdiction where he had been admitted to the bar for a minimum of five of the seven years immediately preceding the filing of his petition.[1] Schomer then sent a request

---

[1] Supreme Judicial Court Rule 3:01, § 6, as appearing in 457 Mass. 1303

for reconsideration together with supporting materials to the board, asserting that it had materially misapprehended and misapplied the governing law and relevant standards pertaining to applications for admission on motion to the Massachusetts bar. After reviewing Schomer's request for reconsideration, the board determined that its decision would stand, and it would not review the matter any further. On February 29, 2012, the board reported to this court that Schomer did not qualify for admission on motion to the Massachusetts bar.[2]

(2010), states, in relevant part:

> "6.1 *Persons admitted to practice in the United States.* A person who has been admitted as an attorney of the highest judicial court of any state, district or territory of the United States may apply to the Supreme Judicial Court for admission on motion as an attorney in this Commonwealth. Prior failure to pass the Massachusetts bar examination creates a rebuttable presumption against admission on motion. The Board of Bar Examiners may, in its discretion, excuse the applicant from taking the regular law examination on the applicant's compliance with the following conditions:

> "6.1.1 The applicant shall have been admitted in another state, district or territory of the United States for at least five years prior to applying for admission in the Commonwealth, and shall have engaged in the active practice or teaching of law in a state, district or territory of the United States for five out of the past seven years immediately preceding the filing of the petition for admission on motion.

> "6.1.2 The applicant shall have so engaged in the practice or teaching of law since the prior admission as to satisfy the Board of Bar Examiners of his or her good moral character and professional qualifications."

[2]The record includes an advisory statement entitled "Determining Whether You May Be Eligible For Admission On Motion," which seems to have been published by the Board of Bar Examiners (board) on March 7, 2012. This statement, which appears on the board's Web site, sets forth the board's interpretation of S.J.C. Rule 3:01, § 6.1, which reads into the rule a requirement that "an attorney's practice credited toward meeting the active practice requirement be physically located in a jurisdiction to which he or she is admitted in good standing to the bar." The only two exceptions to this requirement, as set forth in the advisory statement, are for attorneys serving as in-house counsel, and attorneys serving in legal positions authorized by specific Federal government appointments. At this time, we do not adopt the board's interpretation of S.J.C. Rule 3:01, § 6.1, that an attorney's practice must be physically located in the jurisdiction where the attorney is admitted to the bar in order to be credited toward meeting the active practice requirement.

On March 26, 2012, Schomer filed in the county court an application and supporting affidavits to stay the entry of the board's decision and for de novo review. Pursuant to S.J.C. Rule 3:01, § 5.3, as appearing in 411 Mass. 1321 (1992), the Chief Justice of this court granted the stay and referred the matter to a single justice for further proceedings. On November 27, 2012, the single justice reserved and reported the case to the full court without decision.[3] At issue is whether Schomer, who initially was licensed only in New Jersey but was working as a "contract attorney" in New York, has met the requirement of S.J.C. Rule 3:01, § 6.1.1, mandating engagement in the active practice of law for at least five of the seven years immediately preceding the filing of his petition for admission on motion. Because we conclude that Schomer has satisfied this requirement, we reverse the decision of the board and remand the matter for further proceedings consistent with this opinion.

1. *Background.* At the present time, the material facts essentially are uncontested.[4] Schomer graduated from the University of Notre Dame Law School in May, 2004, and was granted the degree of juris doctor. In July, 2004, he sat for the New Jersey bar examination, which he passed, and he was admitted to that State's bar on December 14, 2004.[5]

From July, 2005, through November, 2008, with the exception of one brief period of unemployment, Schomer worked in New York as a full-time contract attorney at the law firm of Sullivan & Cromwell LLP.[6] His work entailed the "advisement of clients on such matters as trial preparation, discovery, regulatory compliance, and litigation strategy." According to affidavits from several of Schomer's colleagues at Sullivan & Cromwell, submitted in support of his petition for admission

---

[3]We acknowledge the amicus brief submitted by Skanthan Vivekananda in support of Schomer.

[4]For purposes of these proceedings, the board does not contest the facts surrounding Schomer's practice of law in New York, but it reserves the right to evaluate, at a later date, Schomer's character and fitness to practice law in Massachusetts.

[5]Schomer was admitted to practice before the United States District Court for the District of New Jersey in 2010.

[6]Schomer was unemployed for a three-month period from September through November, 2005. Once he left Sullivan & Cromwell, he was unemployed for another three-month period from December, 2008, through February, 2009.

on motion, Schomer's responsibilities consisted of "directing and managing the enforcement of legal claims, establishing the legal rights of others, giving legal advice as to such rights and methods of enforcement, and drafting legal documents."[7] He was supervised by attorneys licensed to practice in New York. Schomer did not appear in any New York court on behalf of a client, or otherwise hold himself out as an attorney licensed to practice in that State.

In July, 2008, Schomer sat for the New York bar examination, which he passed, and he was admitted to that State's bar on October 7, 2009.[8] Since March, 2009, he has been employed as a full-time associate attorney at the law firm of Newman Ferrara LLP, also located in New York, where he has been engaged in commercial and real estate litigation matters. From March until October, 2009, Schomer's work was limited to representing clients in connection with cases before New Jersey courts, and performing work under the supervision of attorneys licensed to practice in New York that did not require that he appear in New York courts or sign legal documents to be filed in those courts. Only after his admission to the New York bar did Schomer hold himself out as an attorney duly licensed in that State. At no time during the pendency of these proceedings did Schomer file an application to sit for the Massachusetts bar examination.[9]

2. *Standard of review.* Pursuant to S.J.C. Rule 3:01, § 6.1, the board, in its discretion, may excuse an applicant for admission on motion from taking the bar examination if the applicant

---

[7]The record includes no further details about the nature of Schomer's work at Sullivan & Cromwell. However, at oral argument, Schomer stated that his work related entirely to a single Federal regulatory matter, with multijurisdictional discovery, involving an international bank. He further stated that he reviewed documents in the matter, made telephone calls relating to whether certain documents were privileged or confidential, and drafted legal memoranda for review by other attorneys at the firm who were licensed to practice in New York. Once this project was completed, his employment ended.

[8]There is no explanation in the record why fourteen months elapsed between the time Schomer took the New York bar examination and the time he was admitted to that State's bar. Schomer was admitted to practice before the United States District Court for the Southern District of New York and the United States District Court for the Eastern District of New York in 2010.

[9]Schomer has passed the multistate professional responsibility examination with a scaled score of 106, which exceeds the minimum passing scaled score of 85 in Massachusetts. See S.J.C. Rule 3:01, § 6.1.5.

satisfies certain enumerated conditions. This court, however, "retain[s] the inherent and exclusive jurisdiction over any decision to admit an attorney to the practice of law in this Commonwealth." *Wei Jia* v. *Board of Bar Examiners*, 427 Mass. 777, 782 (1998). "While we grant substantial deference to a decision of the board, and rely on the accumulated knowledge and experience of its members in interpreting and applying our rules," we review the board's decision de novo. *Id.* See *Osakwe* v. *Board of Bar Examiners*, 448 Mass. 85, 88-89 (2006); *Matter of an Application for Admission to the Bar of the Commonwealth*, 443 Mass. 1010, 1011 (2005). Accordingly, we consider whether Schomer has the necessary professional qualifications for admission on motion in Massachusetts.

3. *Discussion.* General Laws c. 221, § 39, provides: "A citizen of the United States, whether man or woman, who has been admitted as an attorney or counsellor of the highest judicial court of any state, district, territory or country of which he was an inhabitant may, upon petition to the supreme judicial or the superior court be admitted to practice in all the courts of the commonwealth upon the production of satisfactory evidence of his good moral character and professional qualifications." For admission on motion as a Massachusetts attorney, the conditions that an applicant admitted to practice in the United States must satisfy are set forth in S.J.C. Rule 3:01, § 6.1. Implicit in the requirement that an applicant shall have been engaged in the active practice of law for at least five of the seven years immediately preceding the filing of his petition, see S.J.C. Rule 3:01, § 6.1.1, is the principle that such practice must have been authorized by the State where the applicant had been working as an attorney, given that the applicant must satisfy the board of his "good moral character and professional qualifications." G. L. c. 221, § 39. See S.J.C. Rule 3:01, § 6.1.2.

In the board's view, the time that Schomer spent practicing law in New York prior to October 7, 2009, was "illegal" because he only was licensed and admitted to practice in New Jersey. As such, this time did not count toward the necessary minimum of five years of active practice for purposes of admission on motion. Schomer counters that the board is fundamentally mistaken about the purported illegality of his temporary practice of law

in New York and that, therefore, he has satisfied this requirement of S.J.C. Rule 3:01, § 6.1.1. We agree that Schomer has fulfilled this requirement, albeit for a slightly different reason from the one he has put forth.

We recognize that pursuant to N.Y. Jud. Law § 478 (McKinney 2005), it "shall be unlawful for any natural person to practice or appear as an attorney-at-law . . . or to hold himself out to the public as being entitled to practice law as aforesaid, or in any other manner, . . . without having first been duly and regularly licensed and admitted to practice law in the courts of record of this state, and without having taken the constitutional oath."[10] The purpose of this statute is "to protect the public in [New York] from 'the dangers of legal representation and advice given by persons not trained, examined and licensed for such work, whether they be laymen or lawyers from other jurisdictions.' " *El Gemayel* v. *Seaman*, 72 N.Y.2d 701, 705 (1988), quoting *Spivak* v. *Sachs*, 16 N.Y.2d 163, 168 (1965). "[T]his prohibition against the practice of law by one who is not a duly licensed New York attorney is . . . placed on foreign attorneys . . . because the requirements for admission vary in each State in addition to the fact that New York has a greater power to impose sanctions upon its own attorneys who do not keep within

---

[10]"In New York, the question of whether an out-of-state lawyer is engaged in the unauthorized practice of law in New York is exclusively a matter of law." New York State Bar Association Committee on Professional Ethics, Opinion No. 835 (Dec. 24, 2009). See, e.g., *El Gemayel* v. *Seaman*, 72 N.Y.2d 701, 707 (1988). Unlike the rules in most other States, including Massachusetts, governing the professional conduct of lawyers, neither the New York Lawyer's Code of Professional Responsibility, which was in effect at the time Schomer was working at Sullivan & Cromwell, nor the New York Rules of Professional Conduct, which took effect on April 1, 2009, includes provisions modeled on Rule 5.5(c) of the American Bar Association (ABA) Model Rules of Professional Conduct (6th ed. 2007), which permit a lawyer admitted in another jurisdiction to provide legal services on a temporary basis in the host State (here, New York), subject to certain criteria. See Mass. R. Prof. C. 5.5 & comment [6], 447 Mass. 1302 (2007). In jurisdictions where the courts have adopted provisions comparable to ABA Model Rule 5.5(c), "the provisions have two related effects — they both judicially 'authorize' out-of-state lawyers to practice law in the jurisdiction within the limits set by Rule 5.5, and they interpret the conduct authorized by Rule 5.5 as conduct that does not violate the jurisdiction's statutory and common law regulation of [the unauthorized practice of law]." New York State Bar Association Committee on Professional Ethics, Opinion No. 835, *supra.*

the minimum ethical confines New York has established. These factors help ensure that attorneys admitted in New York and practicing law there will practice ethically and with a certain minimum level of expertise." *18 Int'l, Ltd.* v. *Interstate Express, Inc.*, 116 Misc. 2d 66, 67 (N.Y. Sup. Ct. 1982).

It is undisputed that, prior to October 7, 2009, Schomer was engaged in the active practice of law while working at Sullivan & Cromwell and at Newman Ferrara, even though he was not duly licensed and admitted to practice in New York. Nonetheless, we are not prepared to conclude that Schomer was engaged in the "unauthorized" practice of law where the New York bar has seen fit to admit him to practice, thereby determining that his work at Sullivan & Cromwell and at Newman Ferrara did not constitute a violation of N.Y. Jud. Law § 478.[11] Accordingly, we conclude that Schomer has satisfied the requirement of S.J.C. Rule 3:01, § 6.1.1, mandating engagement in the active practice of law for at least five of the seven years immediately preceding the filing of his petition for admission on motion.[12]

4. *Conclusion.* This matter is remanded to the county court for the entry of a judgment reversing the November 10, 2011, decision of the board denying Schomer's petition for admission on motion to the Massachusetts bar. The board should proceed to consider Schomer's petition and accompanying materials,

---

[11] At oral argument, Schomer represented that during the admission process to the New York bar, he fully disclosed the nature of his work at Sullivan & Cromwell. The board has not challenged this representation. To the extent that the board viewed Schomer's work in New York prior to October 7, 2009, as "illegal" or "unauthorized," given that he only was licensed and admitted to practice in New Jersey, the board should have sought legal clarification of the matter from its counterpart in New York when these proceedings commenced. There is no evidence in the record that the board did so.

[12] This case highlights the legal and ethical complexities surrounding the multijurisdictional practice of law by lawyers who may not be licensed in every State where they need to work. Over the years, the practice of law has expanded from local to global. It is not uncommon for lawyers who are licensed in one State and practicing at a law firm or corporation in that State to be asked to provide legal services for the same law firm or corporation at its offices in another State, or even another country, where the lawyer is not licensed. Yet, there is little guidance from regulating authorities regarding the proper constraints of such practice. Plainly there is a burgeoning need for clarification of the boundaries of multijurisdictional practice vis-à-vis the unauthorized practice of law.

including his character report, and determine whether he should be recommended for admission.[13]

*So ordered.*

---

[13]Schomer's request for costs and attorney's fees pursuant to G. L. c. 231, § 6F, is denied.